■ In the Matter of ANGELO J. MASTRANTONIO et al., Respondents, v. CARROLL A. LEGGE et al., Appellants. Appeal from so much of a judgment of the Supreme Court at Special Term, entered July 10, 1973 in Chemung County, which, in a proceeding pursuant to CPLR article 78, directed that those employees of the Chemung County Sheriff's office whose duties are not civil in nature and who are classified in the competitive class and continually employed for one year be covered in their employment without qualifying therefor by competitive examination. The judgment, insofar as appealed from, should be reversed. It grants relief not specifically requested by petitioners and would have the undesirable effect of presently deciding that certain employees of the Chemung County Sheriff are qualified by experience to serve in their respective capacities and that it is not practicable to require them to take an examination. If their positions are classified as competitive pursuant to that part of Special Term's judgment which is not here appealed, that proposition will have to be faced and some decision made thereon. However, that determination should be made, at least in the first instance, by the legislative or executive bodies properly charged with that responsibility and not, as here, by a court and upon a record inadequate for the task. *Amico v. Erie County Legis.* (36 A D 2d 415, affd. 30 N Y 2d 729), relied on by petitioners, is not controlling. There a local law was found to be valid which "covered in" existing employees who were reclassified in the competitive class while here no such legislation exists. The cases cited in that decision relating to an incumbent's retention of position upon reclassification may or may not apply in the instant situation depending on the final outcome of the classification process already directed and on actions thereafter taken by the Sheriff. All of these matters may be reviewed by appropriate judicial proceedings, but we cannot presently sustain an order with such sweeping prospective force which is not supported by any factual findings or necessarily required by legal precedent. Judgment, insofar as appealed from, reversed, on the law and the facts, with costs. Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., and Larkin J., dissent and vote to affirm.